UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BVM S.p.A. IN LIQUIDAZIONE,

                Plaintiff,

   -against-

BVM USA MODA, INC.,

               Defendant.
------------------------------------------------------------------X

Case no. 20-cv-6931

**COMPLAINT**

Plaintiff, BVM S.p.A. IN LIQUIDAZIONE ("Plaintiff"), by and through its attorneys, Cinotti LLP, as and for their Complaint, alleges as follows:

## THE PARTIES AND JURISDITION

1. At all relevant times, Plaintiff is an Italian company organized under the laws of the country of Italy, maintaining its principal offices and place of business at Via Larga n. 31, Bologna (BO), Italy.

2. Plaintiff does not maintain any offices in the State of New York.

3. At all relevant times, Defendant BVM USA MODA, INC. ("Defendant"), is a New York corporation maintaining a place of business at 46 West 55th Street, New York, New York.

4. This Court maintains jurisdiction over the parties and these proceedings pursuant to 28 USC §1332.

## BACKGROUND

5. Defendant, a one-time wholly owned subsidiary of Plaintiff, was engaged in the business of distributing within and throughout the United States certain clothing lines, goods and products of the Plaintiff, including those under the brand name *Les Copains*.

6. Pursuant to their relationship and agreements, Plaintiff would sell clothing/apparel products and goods to Defendant, and Defendant would re-sell such goods and products to various department stores located within and throughout the United States.

7. Due to the nature of manner in which Plaintiff sold its goods and products to Defendant, and Defendant's inability to pay for the goods purchased upon their receipt, the goods and products sold by Plaintiff to Defendant were <u>not</u> paid for by Defendant at the time of purchase.

8. Rather, payments to be made by Defendant to Plaintiff were based on the liquidity of the Defendant in the short/medium term, pursuant to the parties' agreements.

9. In April of 2019, Plaintiff and Defendant restructured their agreements to pay for outstanding products and goods sold by Plaintiff to Defendant and entered into a new agreement that incorporated a more definitive repayment plan, in which Defendant agreed to pay Plaintiff the aggregate sum of $790,000.00 (USD) over the course of 6 monthly installments (the "Repayment Plan").

10. Defendant complied with its monthly payment obligations under the Repayment Plan for the months of July, August, September and October of 2019, by paying the amounts owed thereunder in the total amount of $440,000.00.

## THE CURRENT DISPUTE

11. On September 26, 2019, Plaintiff and an Italian limited liability company known as Super Srl ("Italian Purchaser") entered into a purchase agreement wherein Plaintiff agreed to sell, and Italian Purchaser agreed to purchase, certain assets and liabilities of Plaintiff (the "Asset Sale").

12. The assets transferred and sold by Plaintiff to Italian Purchaser pursuant to the Asset Sale included a 100% common stock interest in Plaintiff's wholly owned subsidiary - the Defendant - as well as the *Les Copains* brand.

13. Defendant's obligations to pay Plaintiff under the Repayment Plan was not included in the Asset Sale.

14. In fact, Defendant continued to pay Plaintiff an installment due and owing under the Repayment Plan ($130,000.00) in October 2019 - after the Asset Sale took place.

15. Defendant's payment of the installment due in October 2019 evidences their continuing obligations to pay Plaintiff under the Repayment Plan.

16. Defendant's payment of the installment due in October 2019 evidences their understanding and intent of the Asset Sale

17. Nevertheless, Defendant failed and/or refused to pay the additional monthly installments due and owing by Defendant to Plaintiff under the Repayment Plan for the month of November 2019 in the amount of $150,000.00, and for the month of December 2019 in the amount of $200,000.00.

18. Thus, after making the payment due and owing Plaintiff for the month of October 2019, Defendant failed and/or refused to make any further monthly payments to Plaintiff under the Repayment Plan.

19. The balance currently due and owing to Plaintiff under the Repayment Plan for the goods and products sold by Plaintiff and purchased by Defendant is the principal amount of $350,000.00 (USD) (the "Principal Debt").

20. The Principal Debt owed to Plaintiff was not included in the Asset Sale, and as a result, the Principal Debt continues to be due and owing by Defendant to Plaintiff.

21. Despite several demands, Defendant has failed and refused to pay the Principal Debt or otherwise make the required payments.

## AS AND FOR A FIRST CAUSE OF ACTION

22. Plaintiff repeats and realleges the allegations in the prior paragraphs as though more fully set forth herein.

23. Plaintiff and Defendant entered in a binding agreement wherein Defendant agreed to repay Plaintiff the Principal Debt in accordance with the Repayment Plan.

24. Defendant breached and defaulted under the Repayment Plan by failing and refusing to make the required payments when due and owing, in the total amount of the Principal Debt.

25. Plaintiff is in full compliance with its obligations under the Repayment Plan.

26. Plaintiff has suffered monetary damages as a result of Defendant's breach and default.

27. Accordingly, Plaintiff is entitled to judgment against Defendant in the amount of the Principal Debt, plus interest thereon, along with all other and further damages sustained as a result of Defendant's breach.

## AS AND FOR A SECOND CAUSE OF ACTION

28. Plaintiff repeats and realleges the allegations in the prior paragraphs as though more fully set forth herein.

29. On various dates and at various times, Plaintiff sent and presented Defendant with invoices declaring, among other things, the Principal Debt to be due and owing in accordance with the parties' agreements.

30. On various dates and at various times, Plaintiff sent and presented Defendant with invoices declaring amounts due and owing to Plaintiff that included the Principal Debt.

31. Defendant received and retained the invoices Plaintiff sent and presented to Defendant, and Defendant never objected to the invoices.

32. Defendant received and retained the invoices Plaintiff sent and presented to Defendant, and Defendant never objected to the invoices within a reasonable period of time.

33. Plaintiff has therefore stated an account to Defendant and Defendant is liable to Plaintiff in the amount of the Principal Debt.

34. Plaintiff is entitled to judgment against Defendant in the amount of the Principal Debt, plus interest thereon.

## **AS AND FOR A THIRD CAUSE OF ACTION**

35. Plaintiff repeats and realleges the allegations in the prior paragraphs as though more fully set forth herein.

36. Defendant benefited from its purchase and acquisition of Plaintiff's products and goods.

37. Defendant's failure and refusal to pay for the Plaintiff's products and goods has caused Plaintiff injury and other damages.

38. It would be unjust, as well as against equity and good conscience, to permit Defendant to enjoy the foregoing benefits of Plaintiff's products and goods without justly compensating the Plaintiffs for them.

39. Accordingly, Plaintiff is entitled to judgment against Defendant in an amount to be detemrined at trial, but in no event less than the amount of the Principal Debt.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant as follows:

    i)    On the First Causes of Action, awarding Plaintiffs monetary damages in the amount of the Princiapl Debt, plus pre and post judgment interest thereon;

    ii)    On the Second Cause of Action, awarding Plaintiffs monetary damages in the amount of the Principal Debt, plus pre and post judgment interest thereon; and

    iii)    On the Third Cause of Action, awarding Plaintiffs monetary damages in the amount to be determined at trial or inquest, but in no event less than the amount of the Principal Debt.

Dated:    New York, New York
            August 27, 2020

                          CINOTTI LLP
                          *Attorneys for Plaintiff*

                   By:    s/ Adam Michael Levy
                          Adam Michael Levy, *Of Counsel*
                          (Bar No. al2169)
                          11 Broadway, Suite 368
                          New York, NY 10004
                          T: (646) 389-5854
                          F: (866) 321-6366