```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
BVM S.p.A IN LIQUIDAZIONE,                                       :
                                                                 :
                            Plaintiff,                           :
                                                                 :    20 Civ. 6931 (JPC)
             -v-                                                 :
                                                                 :    OPINION
BVM USA MODA, INC.,                                              :    AND ORDER
                                                                 :
                            Defendant.                           :
                                                                 :
-----------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

This is a case between an Italian company and its former United States subsidiary. Plaintiff BVM S.p.A in Liquidazione ("BVM Italy") alleges that Defendant BVM USA Moda, Inc. ("BVM USA") stopped making payments for merchandise that it purchased from BVM Italy as part of their business relationship. BVM Italy later sold its interest in BVM USA to another Italian company, Super Srl ("Super"). BVM Italy now brings this suit against BVM USA seeking recovery for $350,000 in unpaid merchandise.

Before the Court is BVM USA's motion to dismiss. BVM USA says that this case belongs in Italy pursuant to a forum selection clause in BVM Italy's sale agreement with Super and, in all events, because the doctrine of *forum non conveniens* supports dismissal. For the reasons stated below, the motion is granted, and this case is dismissed.

## I. Background

**A. Factual Background**

The following facts are taken from the Complaint and the documents it incorporates by reference. *Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013). For purposes of this motion,

the Court accepts the Complaint's allegations as true and construes them in the light most favorable to BVM Italy. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

BVM Italy is an Italian company with its principal place of business in Bologna, Italy. Dkt. 1 ("Complaint" or "Compl.") ¶ 1. BVM USA, a New York corporation with its principal place of business in New York, was at one time BVM Italy's wholly owned subsidiary. *Id.* ¶¶ 2, 5. BVM Italy would sell clothing and other products, including items under a brand called Les Copains, to BVM USA, which would then re-sell the goods to departments stores in the United States. *Id.* ¶¶ 5-6. This arrangement did not require BVM USA to pay for the products at the time of purchase. *Id.* ¶ 7. Instead, payments were "based on the liquidity" of BVM USA, which suggests that BVM USA would make payments for the goods when it could rather than at scheduled intervals. *Id.* ¶ 8.

In April 2019, BVM Italy and BVM USA "restructured their agreements" with regard to merchandise that BVM Italy had already sold to BVM USA. *Id.* ¶ 9. The two companies "entered into a new agreement that incorporated a more definitive repayment plan." *Id.* BVM USA agreed to pay $790,000 across six monthly payments. *Id.* The Court refers to these payments together as the Repayment Plan. BVM USA made the first three payments in July, August, and September of 2019. *See id.* ¶ 10.

On September 26, 2019, BVM Italy agreed to sell several of its assets and liabilities—including a "100% common stock interest" in BVM USA—to Super. *Id.* ¶¶ 11, 12. The Court refers to the agreement memorializing this deal as the Sale Agreement. According to BVM Italy, BVM USA was obligated to finish the final three payments under the Repayment Plan because these obligations were not eliminated through the sale of BVM USA to Super. *Id.* ¶ 13. In October 2019, after the deal with Super closed, BVM USA made the fourth payment to BVM Italy under the Repayment Plan. *Id.* ¶ 14.

However, BVM USA did not make the final two payments of the Repayment Plan, specifically a $150,000 payment that was due in November 2019 and a $200,000 payment that was due in December 2019. *Id.* ¶ 17. BVM Italy says that BVM USA therefore owes it $350,000. *Id.* ¶ 19. And despite BVM Italy's demands, BVM USA has refused to pay. *Id.* ¶ 21.

**B. Procedural History**

On August 27, 2020, BVM Italy initiated this action. In the Complaint, BVM Italy alleges three causes of action: (1) breach of contract, (2) account stated, and (3) unjust enrichment. *Id.* ¶¶ 22-39. This case was reassigned to the undersigned on September 29, 2020.

On December 23, 2020, BVM USA filed a motion to dismiss. Dkt. 18. BVM USA argues that a forum selection clause in the Sale Agreement between BVM Italy and Super applies to this action. Dkt. 18-9 ("Motion") at 5-7. BVM USA also says that, separate from the forum selection clause, the doctrine of *forum non conveniens* generally favors dismissal in favor of an Italian forum. *Id.* at 7-11. On February 1, 2021, BVM Italy filed an opposition, Dkt. 24 ("Opposition"), and on February 26, 2021, BVM USA filed a reply, Dkt. 27 ("Reply").

**II. Discussion**

The Sale Agreement through which BVM Italy sold BVM USA to Super is in the Italian language, but the parties agree that it includes a forum selection clause that, translated to English, reads: "All disputes relating to the interpretation, execution and/or resolution of [the Sale Agreement] will be delegated to the exclusive jurisdiction of the Court of Bologna." Dkt. 18-7 ("Translation of Sale Agreement") at 2; *see also* Opposition at 5. The primary issue in this case is whether this forum selection clause applies to BVM Italy's claims against BVM USA.

"[F]orum selection clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances, or unless the forum

3

selection clause was invalid for such reasons as fraud or overreaching." *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 720-21 (2d Cir. 2013) (alteration in original) (internal quotation marks and citations omitted); *accord Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 60 (2013) (explaining that a forum-selection clause should "be given controlling weight in all but the most exceptional cases") (internal quotation marks omitted). "[T]he appropriate way to enforce a forum-selection clause pointing to a . . . foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co.*, 571 U.S. at 60.

Second Circuit precedent requires the Court to apply a "four-part analysis to determine whether to dismiss a claim based on a forum selection clause." *Magi XXI, Inc.*, 714 F.3d at 721.

> The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires [the Court] to classify the clause as mandatory or permissive, *i.e.*, to decide whether the parties are required to bring any dispute to the designated forum or simply permitted to do so. Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause.
>
> If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

*Id.* (quoting *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007)).

The Court focuses on the third factor, "whether the claims and parties involved in the suit are subject to the forum selection clause," *id.*, because it is the only one that BVM Italy meaningfully challenges.[1] "When determining the scope of a forum selection clause, the Court

---

[1] As addressed below, the Court is not persuaded by BVM Italy's argument that the forum selection clause in the Sale Agreement was not communicated to it, given that BVM Italy was a signatory to that agreement. *See* Complaint ¶ 11. There also cannot be serious dispute that the language of the forum selection clause here is mandatory. *See* Translation of Sale Agreement at 2. And aside from arguing that this action does not fall under the forum selection clause, which

'examine[s] the substance of th[e] claims, shorn of their labels,' and relates the substance of the claims 'to the precise language of the clause,' 'discount[ing] the precedential weight of cases that deal with dissimilarly worded clauses.'" *Prod. Res. Grp., L.L.C. v. Martin Pro., A/S*, 907 F. Supp. 2d 401, 412 (S.D.N.Y. 2012) (quoting *Phillips*, 494 F.3d at 388-90). There are generally two types of forum selection clauses. "The narrower category includes terms such as 'arise out of,' 'arise from,' or 'arising under,' whereas the broader category includes terms such as 'in connection with,' 'relating to,' or 'associated with.'" *Id.*; *accord Phillips*, 494 F.3d at 389 ("We do not understand the words 'arise out of' as encompassing all claims that have some possible relationship with the contract, including claims that may only 'relate to,' be 'associated with,' or 'arise in connection with' the contract."). The forum selection clause at issue here covers "[a]ll disputes *relating to* the interpretation . . . of [the Sale Agreement]." Translation of Sale Agreement at 2 (emphasis added). It thus snugly fits within the broader category.

BVM Italy argues that BVM USA cannot invoke the Sale Agreement's forum selection clause because the claims here have nothing to do with the Sale Agreement. Opposition at 5. Instead, it says, that its claims are based on the Repayment Plan, which is a completely separate contract. *Id.* at 5-6; *see* Compl. ¶¶ 17, 19. BVM Italy contends that the Sale Agreement only comes up because BVM USA raises it as a defense to BVM Italy's claims and that this is not enough to trigger the forum selection clause. Opposition at 5. For this argument, BVM Italy cites *Phillips*, which held that the forum selection clause in that case did not apply when the contract at issue was "only relevant as a defense." 494 F.3d at 391. But *Phillips* dealt with a forum selection clause that covered claims that were found to "arise out of" the contract. *Id.* at 386. It therefore fell into the

---

the Court rejects for reasons that follow, BVM Italy does not make any arguments to rebut the presumption that the clause should be enforced.

narrower category of forum selection clauses.

BVM Italy fails to appreciate the "language-specific nature" of the inquiry at hand. *Id.* at 390. The Second Circuit has adopted the Third Circuit's approach to forum selection clause analysis, which "discounts the precedential weight of cases that deal with dissimilarly worded clauses." *Id.* (citing *John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1075 (3d Cir. 1997) (Alito, J.)). In other words, "[d]rawing analogy to other cases is useful only to the extent those other cases address contract language that is the same or substantially similar to that at issue." *John Wyeth & Brother Ltd.*, 119 F.3d at 1075. *Phillips* therefore does not control.

Instead, the Court must turn to cases dealing with broad forum selection clauses. After *Phillips*, "courts in this Circuit have . . . held that broad forum selection clauses can apply to claims where the contract is relevant as a defense." *CleanSpark, Inc. v. Discover Growth Fund, LLC*, 485 F. Supp. 3d 494, 502 (S.D.N.Y. 2020); *accord John Wyeth & Brother Ltd.*, 119 F.3d at 1076 (explaining that a broad forum selection clause "easily encompasses a dispute in which [a contract] is raised as a defense"). This is because a defendant's invocation of a certain agreement as a defense "mak[es] the 'dispute' one that is 'related to th[at]' agreement." *Prod. Res. Grp., L.L.C.*, 907 F. Supp. 2d at 415. Therefore, the fact that BVM USA raises the Sale Agreement as a defense to BVM Italy's claims does not bar application of the forum selection clause. To the contrary, it means that the dispute here is captured by the broad forum selection clause because the claims are necessarily related to the Sale Agreement.

The ultimate question in this action is whether the Sale Agreement effectively wiped out the Repayment Plan or whether BVM USA's obligations to BVM Italy remained following the sale. *See* Compl. ¶ 13; Motion at 6. If the Repayment Plan was extinguished, it seems that BVM Italy likely would lose, whereas if BVM USA's obligations under the Repayment Plan remain, BVM

6

Italy may win. This means that BVM Italy could not succeed in this action unless it proves that its interpretation of the Sale Agreement is correct. Indeed, BVM Italy proves too much by arguing that a certain provision of the Sale Agreement "carve[d] out" the Repayment Plan and other "credits/receivables of the businesses transferred to Super." Opposition at 6. Pursuant to the forum selection clause, such questions of interpretation are not for this Court, but instead are for the "Court of Bologna." *See* Translation of Sale Agreement at 2 ("All disputes relating to the interpretation . . . of [the Sale Agreement] will be delegated to the exclusive jurisdiction of the Court of Bologna.").[2]

This would ordinarily end the matter, but BVM USA is not a party to the Sale Agreement. Can it still enforce the forum selection clause against BVM Italy, who is a signatory? "[A] non-signatory to a contract containing a forum selection clause may enforce the forum selection clause against a signatory where the non-signatory is 'closely related' to another signatory." *Magi XXI, Inc.*, 714 F.3d at 723. "In such instances, the relationship between the non-signatory and that (latter) signatory must be sufficiently close that the non-signatory's enforcement of the forum selection clause is foreseeable to the signatory against whom the non-signatory wishes to enforce the forum selection clause." *Id.* (internal quotation marks omitted).

BVM Italy does not seriously contend that BVM USA is not closely related to its parent company Super and instead just reiterates its argument that its claims are not covered by the forum selection clause. *See* Opposition at 13-14. In all events, BVM Italy here argues that BVM USA's debt to BVM Italy was not included in the Sale Agreement between BVM Italy and Super. *See*

---

[2] BVM Italy further argues that the fact that BVM USA made the October 2019 payment after the sale of BVM USA "evidences the parties' own understanding that BVM USA has a continuing obligation to pay [BVM Italy] under the Repayment Plan and that such debt was not included [in] in the Sale Agreement." Opposition at 6. This too goes to the interpretation of the Sale Agreement because BVM Italy seems to suggest that the October 2019 payment is proof that its reading of the Sale Agreement is the correct one. Again, questions of interpretation of the Sale Agreement are not for this Court to answer.

Compl. ¶¶ 13, 20.  Surely it was "foreseeable," *Magi XXI, Inc.*, 714 F.3d at 723 (internal quotation marks omitted), to BVM Italy that BVM USA might attempt to enforce a forum selection clause that specifically states the forum that must answer questions of interpretation regarding that Sale Agreement.  The Court thus concludes that BVM USA is "closely related" to Super for purposes of this analysis and may invoke the forum selection clause contained in the Sale Agreement.

BVM Italy makes two final arguments for why the forum selection clause should not apply, neither of which have merit.  First, it points to the first *Phillips* factor listed above—"whether the clause was reasonably communicated to the party resisting enforcement," *id.* at 721 (quoting *Phillips*, 494 F.3d at 383)—and says that it was not met because the Repayment Plan was "entered into six months" before the Sale Agreement.  Opposition at 7.  The Court struggles to understand this logic.  The forum selection clause BVM USA seeks to enforce is found in the Sale Agreement, to which BVM Italy and Super are signatories.  *See* Compl. ¶¶ 11-12.  BVM Italy offers no cogent argument that it did not have notice of the forum selection clause in the Sale Agreement that it signed, and the Court readily concludes that it did.

Finally, BVM Italy seems to argue that the forum selection clause cannot apply because "[t]he Sale Agreement was not even in existence at the time [BVM Italy] and BVM USA entered into the Repayment Plan."  Opposition at 5.  For this proposition, BVM Italy cites *Anselmo v. Univision Station Group, Inc.*, No. 92 Civ. 1471 (RLC), 1993 WL 17173 (S.D.N.Y. Jan. 15, 1993).  The forum selection clause at issue in *Anselmo* was found in an acquisition agreement and covered "[a]ny litigation relating to this Agreement."  *Id.* at *1.  One of the plaintiff's claims was grounded in a resolution that predated the acquisition agreement, and the court held that the claim did not "'relate to' the Agreement because the tort grew out of events which preceded the Agreement."  *Id.* at *2.  The court elaborated that because "the forum selection clause by its terms applie[d] only to

litigation relating to 'this Agreement,' . . . it was not intended to govern disputes arising under the terms of earlier contracts or agreements." *Id.*

The forum selection clause at issue here is broader than the one in *Anselmo* because it covers "[a]ll disputes relating to the *interpretation* . . . of [the Sale Agreement]," Translation of Sale Agreement at 2 (emphasis added), not just "relating to [the] Agreement," *Anselmo*, 1993 WL 17173, at *2. Therefore, while the fact that the tort at issue in *Anselmo* "grew out of events which preceded the Agreement" meant that the forum selection clause did not apply, *id.*, the same is not true here so long as the dispute at issue requires an interpretation of the Sale Agreement. Moreover, while the tort claim in *Anselmo* apparently was confined to the resolution that predated the acquisition agreement, *see id.*, here BVM Italy necessarily must rely on the Sale Agreement to advance its claims. *See* Compl. ¶¶ 13, 20; Opposition at 6 ("The Sale Agreement expressly carves out . . . the [Repayment Plan] by providing that the sale of Plaintiff's business to Super *excludes* credits/receivables of the businesses transferred to Super."). As discussed above, BVM Italy cannot succeed on its claims without proving that its interpretation of the Sale Agreement is correct. The same was not true in *Anselmo*.

Because this dispute calls for an interpretation of the Sale Agreement, the forum selection clause applies, and BVM Italy must therefore bring this action in the "Court of Bologna." Translation of Sale Agreement at 2. The Court thus dismisses this case on the basis of *forum non conveniens*. *See Atl. Marine Constr. Co.*, 571 U.S. at 60.[3]

---

[3] BVM USA argues that, in the alternative, a "complete *forum non conveniens* analysis also supports dismissal." Motion at 7. Because the Court concludes that the forum selection clause applies, it does not conduct a *forum non conveniens* analysis or reach BVM USA's alternative argument.

### III. Conclusion

For the reasons mentioned, BVM USA's motion to dismiss is granted on the basis of *forum non conveniens* because BVM Italy's claims are subject to the forum selection clause contained in the Sale Agreement. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 18 and close this case.

SO ORDERED.

Dated: July 20, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge